*888 OPINION.
Lansdon:
The principal question here is whether the payments made by the petitioner to its field representatives as set forth in our findings of fact were commissions on stock sales or on the volume of loans secured by the services of the recipients thereof. In every instance the amount of the commission paid was a percentage of the business obtained. The sale of stock equal to 10 per cent of the face of the loan was only an incident in the transaction. If the client was already a shareholder to the extent of 10 per cent of the loan involved, no additional stock subscription was required, since the sole purpose of stock sales to borrowers was to enable the petitioner to purchase sound securities equal in amount at all times to 10 per cent of its rediscounts with the Intermediate Credit Banks.
Petitioner concedes that for several years it accounted on its own books for all commissions paid as organization expenses. This procedure does not now bar it from claiming that such payments were operating expenses if they were such in fact. In our opinion the petitioner is not now attempting to vary facts for the purpose of reducing its Federal taxes, but is asking us to consider actual facts instead of bookkeeping entries. “ Tax liability must be determined by what in fact was done.” Remington-Rand, Inc. v. Commissioner, 33 Fed. (2d) 77. Cf. United States v. Phellis, 257 U. S. 156. In our opinion the evidence is convincing that the entire commission paid in each instance by the petitioner in the circumstances herein was in fact compensation for services rendered in securing loans. On this issue the determination of the respondent is reversed.
The evidence is clear that the delay in filing petitioner’s return for the fiscal year ended February 29, 1928, was due to reasonable cause and not due to willful neglect. The return was filed later and was accompanied by an affidavit which, we think, is a satisfactory explanation.

Decision will loe entered under Bule 50.